# EXHIBIT A

WILLIAM L. MARDER, ESQ. (CBN 170131)
Polaris Law Group LLP.
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
Email: bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Phone: (213) 488-6555
Fax:    (213) 488-6554

Attorneys for Plaintiff and the Class

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/23/2017 10:05:57 AM
By: Christina Uribe, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ROY PONCE, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 17CV000286<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE § 203; AND**<br><br>(2) **VIOLATION OF LABOR CODE § 2698 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Roy Ponce, as an individual and on behalf of all other similarly situated former employees of Defendants ("Plaintiff"), hereby submits this Class Action Complaint against Defendant Home Depot USA, Inc. and Does 1-10 (hereinafter collectively referred to as "DEFENDANTS"), as follows:

## INTRODUCTION

1. This action is within the Court's jurisdiction under California Labor Code §§ 201-203 and 2698.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, and Government Code against employees of DEFENDANTS.

3. Plaintiff is informed and believe and based thereon alleges that DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all terminated employees in failing to pay final wages in a timely manner pursuant to the Labor Code.

4. Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, applicable IWC wage orders, and applicable California Code of Regulations by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 2698. Further, this Court is the proper venue because Plaintiff worked at Defendant's store located in Salinas, California.

## PARTIES

6. Plaintiff was employed by DEFENDANTS from in or around May 2013, until in or around June 2013, and then from on or about October 31, 2013, until on or about September 13, 2016. Although Plaintiff was terminated on September 13, 2016, he did not receive his final regular wages until September 16, 2016. Furthermore, Plaintiff was not paid out for his unused

sick leave until September 30, 2016. Thus, Plaintiff was not paid all of his wages until September 30, 2016. Plaintiff was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of his rights guaranteed to him by California Labor Code §§ 201-203, and 2698.

7. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS were and are corporations doing business in the State of California that operate retail stores selling home improvement products and materials to the general public.

8. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

9. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code §§ 201-203 and 2698.

10. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 10, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious DEFENDANTS were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

12. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

13. At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14. At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

15. **Definition:** Plaintiff brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure Section 382. The Class consists of all individuals who worked for DEFENDANTS in the State of California in one or more of DEFENDANTS' retail stores and who was terminated by DEFENDANTS at any time between September 26, 2014, through the present (the "203 Class"). Plaintiff will further seek a sub-class of "all individuals who worked for DEFENDANTS in the State of California in one or more of DEFENDANTS' retail stores and who was terminated by DEFENDANTS at any time between September 26, 2014, through the present and who was paid any wages after his/her employment termination date" (the "203 Sub-Class") (the 203 Class, 203 Sub-Class shall hereinafter collectively be referred to as the "Class Members").

16. **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS failed to pay to Plaintiff and the 203 Class and 203 Sub-Class Members all final wages in a timely manner.

17. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent Plaintiff and the class. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending.

18. DEFENDANTS uniformly administered a corporate policy, practice, and procedure of failing to pay to Plaintiff and the 203 Class and 203 Sub-Class Members all final wages in a timely manner.

19. Plaintiff is informed and believes and based thereon alleges this corporate conduct was accomplished with advanced knowledge, intent, and willfulness.

20. Plaintiff is informed and believes and based thereon alleges DEFENDANTS had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 201-203.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning DEFENDANTS' failing to pay Plaintiff and the 203 Class and 203 Sub-Class Members all final wages in a timely manner.

22. **Typicality:** Plaintiff's claims are typical of the claims of all members of the class. As alleged above, Plaintiff was terminated by DEFENDANTS on or about September 13, 2016. Nevertheless, Plaintiff did not receive all of his final pay until September 16, 2016. Therefore, Plaintiff is a member of the Class and, as alleged herein, has suffered violations of California Labor Code §§ 201-203.

23. The California Labor Code upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee and common law employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to

recovery by the Plaintiff and the Class identified herein, in a civil action, for the applicable penalties, reasonable attorney's fees, and costs of suit.

27. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representatives of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

28. The Plaintiff Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS. The Plaintiff Class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 203

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE 203 CLASS AND 203 SUB-CLASS)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set for herein.

30. Although Plaintiff was terminated on September 13, 2016, he did not receive his final regular wages until September 16, 2016. Furthermore, Plaintiff was not paid out for his unused sick leave until September 30, 2016. Thus, Plaintiff was not paid all of his wages until September 30, 2016. At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 203.

31. As a pattern and practice, Defendants regularly failed to pay Plaintiff and class members their final wages pursuant to Labor Code §§ 201 to 203 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

32. The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and class members' rights, and done by managerial

7

employees of Defendants.

33. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to pay wages earned, including minimum wages, due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION
## FOR VIOLATIONS OF CALIFORNIA LABOR CODE § 2698 *ET SEQ.*
## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as though fully set for herein.

35. Plaintiff brings this cause of action as a proxy for the State of California pursuant to the Private Attorney Generals Act (the "PAGA"), California Labor Code § 2698, *et seq.* Plaintiff is an aggrieved employee, as he suffered the violations of Labor Code § 203, as he was terminated on September 13, 2016, but did not receive his final pay until September 16, 2016.

36. Defendant committed the following violations of the California Labor Code against Plaintiff and other aggrieved employees while they were employed by defendant.

37. Defendant has failed to comply with Labor Code § 201 in that the employer has failed to pay the aggrieved employees all unpaid wages at the time of discharge.

38. The above described conduct is in violation of Labor Code §§ 201, 203 and the applicable California Industrial Welfare Commission Wage Order.

39. Pursuant to Labor Code Section 2699 *et. seq.*, on November 15, 2016, Plaintiff gave written notice by certified mail to defendant and the Labor and Work Force Development Agency (the "LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. As of the date of this filing, the LWDA has not informed Plaintiff whether it intends to investigate the matter. Therefore, Plaintiff may seek civil penalties pursuant to the PAGA.

40. Pursuant to Labor Code Section 2699(a), Plaintiff seeks to recover civil penalties

for which defendant is liable as a result of their violations of the following Labor Code as described above. Plaintiff seeks penalties pursuant to Labor Code Section 2699 in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment individually and on behalf of all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class and all subclasses;
2. For an order appointing him as the representative of the Class and/or any subclasses;
3. For an order appointing Counsel for Plaintiff as Class counsel;
4. Pursuant to Labor Code §203, for an additional sum according to proof equal to up to thirty (30) days wages, as a penalty for unpaid wages for severed employees;
5. For interest on all unpaid wages from the date such sums were due to the date of judgment hereof;
6. For penalties pursuant to Labor Code Section 2699 *et seq.*;
7. For reasonable attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 2699(g)(1).
8. For prejudgment and post-judgment interest according to any applicable provision of law, according to law, according to proof;
9. For such other and further relief as the court may deem proper.

Dated: January 23, 2017            POLARIS LAW GROUP LLP

By _William L Marder_
WILLIAM L. MARDER, Attorney for Plaintiff and the Class

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the class, hereby demands a jury trial.

9

CLASS ACTION COMPLAINT FOR DAMAGES

Dated: January 23, 2017                    POLARIS LAW GROUP LLP

By *[signature]*
WILLIAM L. MARDER, Attorney for Plaintiff and the Class

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Home Depot U.S.A.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Roy Ponce, as an individual and on behalf of all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 1/23/2017 10:05:57 AM
By: Christina Uribe, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
1200 Aguajito Road, Monterey, CA 93940

**CASE NUMBER:**
*(Número del Caso):*
17CV000286

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William L. Marder, Esq.    (Bar # 170131)
Polaris Law Group, LLP
501 San Benito Street, Suite 200, Hollister, CA 95023
Fax No.: (831) 634-0333
Phone No.: (831) 531-4214

TERESA A. RISI

DATE: 1/23/2017
*(Fecha)*

Clerk, by /s/ Christina Uribe , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Home Depot U.S.A., Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): William L. Marder, Esq. (Bar # 170131) Polaris Law Group, LLP 501 San Benito Street, Suite 200 Hollister, CA 95023 TELEPHONE NO.: (831) 531-4214   FAX NO.: (831) 634-0333 ATTORNEY FOR (Name): Roy Ponce, Plaintiff | FOR COURT USE ONLY ELECTRONICALLY FILED BY Superior Court of California, County of Monterey On 1/23/2017 10:05:57 AM By: Christina Uribe, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey 93940
BRANCH NAME:

CASE NAME:
Roy Ponce v. Home Depot U.S.A., Inc.

| CIVIL CASE COVER SHEET [X] Unlimited [ ] Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | Complex Case Designation [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 17CV000286 JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify): TWO (2)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 23, 2017

William L. Marder, Esq.
(TYPE OR PRINT NAME)

▶ /s/ William L. Marder
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov LexisNexis® Automated California Judicial Council Forms |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Roy Ponce<br>vs.<br>Home Depot U.S.A., Inc. | **CASE NUMBER**<br>**17CV000286** |
|  | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

Your case number ending EVEN is assigned for all purposes to the Hon. Thomas W. Wills

Your case number ending ODD is assigned for all purposes to the Hon. Susan J. Matcham

This notice and Alternative Dispute Resolution (ADR) information packet <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

**Date: May 23, 2017   Time: 9:00 AM   Department 14**

**Location: Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940**

---

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**
**(Civil)**

[Rev. January 2016]

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| WILLIAM L. MARDER, SBN 170131<br>POLARIS LAW GROUP LLP<br>501 SAN BENITO STREET<br>SUITE 200<br>HOLLISTER, CA 95023<br>Telephone No: 831-531-4214   FAX No: 831-634-0333 | | | | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 1/25/2017 4:40:58 PM<br>By: Mariela Hernandez, Deputy |
| | | Ref. No. or File No.: | | |
| Attorney for: Plaintiff | | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA COUNTY OF MONTEREY | | | | |
| Plaintiff: ROY PONCE, as an individual and on behalf of all others similarly situated<br>Defendant: HOME DEPOT U.S.A., INC. | | | | |
| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>17CV000286 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

3. a. Party served: Home Depot U.S.A., Inc.
   b. Person served: BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT.

4. Address where the party was served: 2710 GATEWAY OAKS DRIVE
   SUITE 150N
   SACRAMENTO, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Jan. 24, 2017 (2) at: 10:30AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: Home Depot U.S.A., Inc.
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**
   a. Michael Morris

   First Legal
   1814 "I" Street
   Sacramento, CA 95814
   Telephone    (916) 444–5111
   Fax          (916) 443–3111
   www.firstlegalnetwork.com

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.:   2012-33
      (iii) County:            Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Wed, Jan. 25, 2017

   (Michael Morris)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS